Rokhvadze v. Garland

BIA
Hochul, IJ
A213 314 978

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand twenty-four.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

GOCHA ROKHVADZE,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

21-6341
NAC

_____

FOR PETITIONER:          Sam H. Hasan, Esq., Hasan Law Group, PLLC, Falls Church, VA.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gocha Rokhvadze, a native and citizen of Georgia, seeks review of a May 12, 2021 decision of the BIA, affirming a May 21, 2020 decision of an Immigration Judge ("IJ"), which denied his motion to reopen removal proceedings. *In re Gocha Rokhvadze*, No. A213 314 978 (B.I.A. May 12, 2021), *aff'g* No. A213 314 978 (Immig. Ct. Buffalo May 21, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

The only decision before us is the BIA's decision affirming the IJ's denial of Rokhvadze's motion to reopen, because his challenges to the underlying decisions denying him a continuance and ordering removal are untimely. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A "motion to reopen shall state the new facts that will be proven at

2

a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). The agency may deny a motion to reopen if the movant fails to establish prima facie eligibility for the underlying relief sought *or* the movant does not submit "previously unavailable, material evidence." *INS v. Abudu*, 485 U.S. 94, 104 (1988); *see also* 8 C.F.R. §§ 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]"), 1003.23(b)(3) (same as to IJ). "[I]n reviewing the BIA's determination of whether previously unavailable evidence supported the [movant's] motion to reopen, we must inquire whether the evidence could have been presented at the hearing before the IJ." *Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (per curiam).

Rokhvadze does not challenge the agency's determination that he failed to submit new, previously unavailable evidence in support of his motion to reopen. Because the agency's finding that Rokhvadze failed to present new, previously unavailable evidence was an independent ground for denying his motion to reopen, *see Abudu*, 485 U.S. at 104; 8 C.F.R. §§ 1003.2(c)(1), 1003.23(b)(3), his failure

3

to challenge that finding here is dispositive.  *See Debique v. Garland*, 58 F.4th 676, 684–85 (2d Cir. 2023) (per curiam).  Accordingly, we need not reach his challenge to the BIA's alternate finding that he did not establish his prima facie eligibility for asylum.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4